IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DEANGELO A. SAVAGE,

   Petitioner,

v.

WARDEN ALLEN GANG,
MARYLAND ATTORNEY GENERAL,

   Respondents.

Civil Action No.: DKC-19-707

**MEMORANDUM OPINION**

**BACKGROUND**

     Mr. Savage filed this Petition for Writ of Habeas Corpus pursuant to 28 U..S.C. § 2254 on February 10, 2019. ECF No. 1 at 6.[1] Mr. Savage challenges the validity of his convictions for conspiracy to commit first degree burglary and aiding abetting first degree burglary after a jury trial in Wicomico County, Maryland. Respondents filed an Answer, asserting that the petition is time-barred. ECF No. 5. Although Petitioner Deangelo Savage was advised of his right to file a reply, he has not done so. No hearing is required to determine the matters pending. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2018); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. §2254(e)(2)). For the reasons stated herein the petition shall be dismissed as untimely and a certificate of appealability shall not issue.

---

[1] The petition is deemed filed on the date Mr. Savage signed the petition and presumably surrendered control over it to prison officials for the purpose of mailing it to the court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988).

**STANDARD OF REVIEW**

Under the provisions of 28 U.S.C. § 2244, the one-year limitation period for filing a federal habeas petition pursuant to 28 U.S.C. § 2254 runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). However, under § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

"[T]he one year limitation period is also subject to equitable tolling in 'those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation against the party.'" *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002), citing *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). To be entitled to equitable tolling, a petitioner must establish that either some wrongful conduct by Respondents contributed to his delay in filing his petition or that circumstances that were beyond his control caused the delay. *See Harris*, 209 F.3d at 330. "[A]ny resort to equity must be reserved for those rare instances

where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id*.

## ANALYSIS

Mr. Savage was sentenced to serve three consecutive eight-year terms on two counts of conspiracy to commit first degree burglary and one count of accessory to first-degree burglary. *See Savage v. State*, 212 Md. App. 1, 12 (2013). On direct appeal to the Maryland Court of Special Appeals, Savage asserted in part that his two convictions for conspiracy violated the double jeopardy clause. *Savage*, 212 Md. App. at 6. The appellate court held that "the jury instruction was inadequate to convict and sentence [Mr. Savage] of multiple conspiracies." *Id*. at 26. The case was remanded to the Circuit Court for vacatur of one of the conspiracy convictions and sentence. *Id*. at 42. The mandate issued on June 28, 2013. ECF No. 5-1 at 15 (State Record "SR" at 12). Mr. Savage did not seek further review by filing a petition for writ of certiorari with the Maryland Court of Appeals.

On May 29, 2013, the Circuit Court for Wicomico County entered a not guilty verdict on the indictment for one of the conspiracy counts. ECF No. 5-1 at 16 (SR at 13). On February 12, 2014, the trial court issued a second order vacating the conviction under Count 4 for conspiracy to commit third-degree burglary, noting that "the conspiracy to commit third-degree burglary counts merged into the conspiracy to commit first-degree burglary counts for sentencing" but that the court had neglected to vacate the merged conspiracy count when it vacated one count of the conspiracy to commit first-degree burglary pursuant to the remand. ECF No. 5-1 at 12 (SR at 9).

Mr. Savage filed three petitions for post-conviction relief. The first petition was filed on June 25, 2013, and was subsequently dismissed on July 1, 2013, for failure to comply with Md.

3

Rule 4-402(a)(6).[2]  ECF No. 5-1 at 16 (SR at 13).  The second petition was filed on September 6, 2013, which Mr. Savage withdrew on November 20, 2014.  ECF No. 5-1 at 10 (SR at 7).  The third petition was filed on June 24, 2015, which he withdrew on December 14, 2015.  *Id*. at 8-9 (SR at 5-6).  Mr. Savage then filed a state petition for writ of habeas corpus on June 28, 2018, but filed the petition in the Circuit Court for Anne Arundel County.  *See* ECF Nos. 1-11 and 1-13.  The petition was transferred to the Wicomico County Circuit Court where it remained pending at the time Respondents filed their Answer.[3]  *See id*.

The date that Mr. Savage's conviction became final for purposes of calculating the one-year filing deadline for his federal habeas petition is March 14, 2014, the date his time to note an appeal of the trial court's February 12, 2014, order vacating his conviction for conspiracy to commit third-degree burglary expired.  *See* Md. Rule 8-202(a) (appeal to be noted 30 days after entry of judgment or order from which appeal is taken).  At the time Mr. Savage filed his first post-conviction petition, June 25, 2013, the one-year filing deadline had not yet begun running and when it was dismissed, July 1, 2013, the one-year filing deadline had not started to run.  The second post-conviction petition, which remained pending until November 20, 2014, tolled the one-year limitation period for 251 days.[4]  The limitation period, with 114 days left, began running again on

---

[2] The rule requires a petition for post-conviction relief to include a statement of all previous proceedings.  Md. Rule 4-402(a)(6).

[3] The state petition for writ of habeas corpus, which is not subject to appellate review under Maryland law, does not toll the one-year filing period because it is neither a "properly filed application for State post-conviction" nor was it filed during the pendency of the one-year filing period" 28 U.S,C, § 2244(d)(2) *see also Jenkins v. Fitzberger*, 440 F.2d 1188, 1189 n.1 (4th Cir. 1971) ("[A]n action for state habeas is not sufficient to exhaust available state court remedies in Maryland."); *accord Kelly v. Shearin*, Civ. No. AW-11-262, 2011 WL 1431614, at *3 n.1 (D. Md. Apr. 14, 2011); *Layer v. Lyles*, 598 F. Supp. 95, 97-98 (D. Md. 1984).

[4] The period of time between March 14, 2014, and November 20, 2014, is 251 days.

November 21, 2014, and expired on March 16, 2015.  Mr. Savage's third post-conviction petition was filed on June 24, 2015, more than three months after the one-year filing deadline passed, therefore it had no tolling effect on the limitations period.  Mr. Savage has not advanced any basis for an entitlement to equitable tolling, nor can any be discerned from the papers filed.  Accordingly, the Petition is time-barred and must be dismissed.

Rule 11(a) of the Rules Governing Section 2254 Cases provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Because the accompanying Order is a final order adverse to the applicant, 28 U.S.C. § 2253( c)(1) requires issuance of a certificate of appealability before an appeal can proceed.

A certificate of appealability may issue only if the prisoner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2) (2012).  When a district court rejects constitutional claims on the merits, a petitioner satisfies the standard by demonstrating that "jurists of reason could disagree with the district court's resolution of [the] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement . to proceed further."  *Buck v. Davis*, 137 S. Ct. 759, 773-74 (2017) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)).  When a petition is denied on procedural grounds, the petitioner may meet the standard by showing that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling."  *Id*.

Mr. Savage's claims are dismissed on procedural grounds and he has not made the requisite showing to warrant a certificate of appealability.  The court therefore declines to issue one.  Mr. Savage may still request that the United States Court of Appeals for the Fourth Circuit issue such

a certificate. 28 U.S.C. § 2253(c)(l); *Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

## CONCLUSION

For the foregoing reasons, the Petition for a Writ of Habeas Corpus is dismissed as untimely. The court declines to issue a certificate of appealability. A separate Order follows.

October 1, 2020

/s/
DEBORAH K. CHASANOW
United States District Judge